## HOWARD McCOLLUM v. THE STATE.

No. 17968. Delivered February 26, 1936.
Rehearing Denied (Without Written Opinion) March 25, 1936.

The opinion states the case.

*Nat Gentry, Jr.,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

Forrest Panther, the injured party, testified that on the 16th day of January, 1935, appellant and three others exhibited pistols and took from his possession a Ford automobile. Testifying in his own behalf, appellant admitted his presence at the scene of the robbery. However, he declared that his companions had forced him to accompany them and that, fearing bodily harm at their hands, he remained at the place while they committed the offense. He testified further that he took no part in the robbery.

Panther was robbed near the city of Tyler about 12:30 in the morning. Appellant testified on cross-examination that several hours after the robbery of Panther his companions robbed a bank in the town of Buffalo, while he waited outside in the automobile. His testimony was to the further effect that he and his companions then drove to Huntsville. He received part of the money taken from the bank. The testimony concerning the robbery of the bank at Buffalo was objected to by appellant. The opinion is expressed that the objection was not well taken. One of the exceptions to the rule inhibiting proof of extraneous offenses is that proof thereof is admissible if it tends to show intent when intent is an issue. Appellant's testimony, if believed, militated against the conclusion that there was any intent on his part to rob Panther. Proof of the fact that within seven or eight hours after the robbery of Panther appellant and the men who committed said robbery perpetrated the robbery of the bank at Buffalo tended to show that appellant intentionally participated in the robbery of Panther. Overstreet v. State, 150 S. W., 899.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.