KENNETH WEBSTER v. THE STATE.

No. 19071.   Delivered June 23, 1937.
Appeal Reinstated October 20, 1937.

The opinion states the case.

*Quentin Keith,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for three years.

The caption of the transcript shows that the court adjourned January 3, 1937. If the caption is correct then the trial was not held during said term, as it is shown in the transcript that the verdict of the jury was returned January 6, 1937. Further it appears that the motion for new trial was overruled January 11th, and appellant sentenced on the same date. Under the circumstances, the appeal must be dismissed.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the night of the 16th of October, 1936, appellant went to the home of J. M. Plyler, Jr., in Port Arthur, and, without his permission, took possession of his automobile. While driving the car on the Bernhardt and Beaumont road appellant wrecked said car in a collision with another automobile. Leaving the car, he returned to Port Arthur, where, without the consent of Mr. Bleustein, he took possession of his car and drove away.

The State introduced in evidence appellant's confession in which he stated that he had gone to the Plyler home in Port Arthur, taken possession of the automobile in question and driven out of town to his uncle's home. Further, he stated in the confession that he was returning to town when the car was wrecked in a collision.

Appellant testified that he took the car for the purpose of visiting his uncle and that it was his intention to return it to the owner. However, in driving back to town the car was wrecked in a collision and he had to abandon it. He then returned to Port Arthur and took Mr. Bleustein's car for the purpose of returning to the scene of the wreck.

The proof on the part of the State was to the effect that appellant had been convicted in Oklahoma of theft, and further, that he was under indictment for the theft of the Bleustein car.

Appellant's first bill of exception is concerned with his objection to the testimony of Mr. Plyler as to the value of the alleged stolen car. It is observed that the witness testified that he was acquainted with the value of said car. He said, in part: "I know that you could have gone out on the open market and bought that same kind and character of automobile. I know what they were selling for at that time. I am acquainted with that value. I could have bought or sold that automobile on the date it was taken for $350. * * * I had a sale for that car the day before. They offered me $350 for it; the Inland Chevrolet Company offered that for it."

We think the witness was shown to be qualified and that the trial court was warranted in admitting his testimony.

Bill of exception No. 3 relates to appellant's objection to the

testimony elicited from him on cross-examination to the effect that he took Mr. Bleustein's car shortly after he had taken the Plyler car. This testimony was elicited from appellant after he had stated to the jury that he had not taken the Plyler car for the purpose of permanently appropriating it, but intended to return it to the owner after he (appellant) had visited in Groves. We think the testimony was admissible on the question of appellant's intent. One of the exceptions to the rule inhibiting proof of extraneous offenses is that proof thereof is admissible if it tends to show intent when intent is an issue. McCollum v. State, 91 S. W. (2d) 1067.

Several bills of exception bring forward appellant's exceptions to the charge of the court, one of said exceptions being to the effect that in presenting appellant's affirmative defense the court placed the burden of proof on the appellant. We are unable to agree with appellant that such is the case. We quote the charge of the court as follows:

"You are further instructed that if you find and believe from the evidence and all the circumstances connected therewith that the defendant took the automobile of J. M. Plyler, Jr., on or about the date alleged in the indictment with no intention of depriving the said J. M. Plyler, Jr., of the value thereof but for the purpose of riding around and that he intended to return the same, or if you have a reasonable doubt as to the intention to return said automobile then you will give to the defendant the benefit of that doubt and say by your verdict 'not guilty.' "

We think it is clear that in connection with the foregoing charge the jury were instructed to acquit appellant if they entertained a reasonable doubt as to his intention. Moreover, we are of opinion that appellant's affirmative defense was adequately submitted.

We have carefully considered the numerous exceptions to the charge of the court and are constrained to hold that the charge in its entirety adequately presented the law applicable to the issues arising from the evidence.

We are unable to agree with appellant that the evidence is insufficient to support the judgment of conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.