**Andrew J. C. WINDOM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41278.**

Court of Criminal Appeals of Texas.

May 22, 1968.

Rehearing Denied July 17, 1968.

Stanley I. Weinberg, Dallas (Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., John Stauffer, Al Walvoord, Malcolm Dade and James M. Wiiliamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is felony theft with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, 10 years.

■ Appellant's first five grounds of error relate to the failure of the State to disprove what he alleges was an exculpatory statement made by appellant at the time of his arrest which was introduced by the State. The arresting officer testified that he asked appellant, "if it was his car, and he stated no, it was his brother's car." We need only point out that the stolen automobile was last seen by its owner at 9:00 p. m. on the night in question, and appellant was apprehended driving alone in the same at 9:45 p. m. on the same night.

The cautious trial court properly instructed the jury that if they had a reasonable doubt as to whether the statement, "I borrowed the car from my brother and have just dropped him off in the 3300 block of Ross Avenue," had been proven untrue, they should acquit.

These contentions are without merit when examined in the light of the holdings of this Court in Corley v. State, 160 Tex. Cr.R. 504, 272 S.W.2d 354, the cases cited therein and our holdings in Hignett v. State, 170 Tex.Cr.R. 342, 341 S.W.2d 165, and Bryant v. State, Tex.Cr.App., 397 S.W. 2d 445. In Hignett v. State, supra, we said:

"The question has been raised concerning the failure of the State to disprove certain claimed exculpatory portions of the confession. This is a jury question, not a matter of law, and is to be determined under appropriate instructions from the court. In the case at bar, the court properly submitted the question to the jury in his charge and instructed them to acquit unless the State had disproved such exculpatory statement."

■ Appellant's last two grounds of error relate to the proof as to value. The injured party, the operator of a filling station at which he repaired automobiles, testified that he bought the automobile approximately a month before it was stolen and paid $25.00 for the same; that thereafter he placed thereon four new tires and worked on the motor which would have cost him $150.00 had he taken it to a garage; and that soon after recovering the automobile from the police, he sold the same without repairing it further for $125.-00 which was a fair price for the same.

We overrule appellant's contention that Officer Gage was not qualified to testify as to the value. It was part of his duty to inspect the automobiles in the police pound, and he had been present when such automobiles were auctioned off, and he

testified that the one in question had a fair market value between $75.00 and $150.-00. See Esparza v. State, 367 S.W.2d 861.

Finding no reversible error, the judgment is affirmed.