Raymond REED, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45010.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

■ This is an out of time appeal[1] from a conviction on October 15, 1963, for the offense of burglary.

Appellant contends that the State failed to disprove an exculpatory statement made by appellant which was introduced in evidence by the State.

Officer Skains of the Dallas Police Department testified that after he and his family had been out of town for the day, they returned to their home at 1728 East Ohio, Dallas, at about 3:15 P.M. on March 23, 1963, and discovered that their house had been burglarized. Entry had been gained to the Skains home by breaking a window and it was determined that clothing, a .38 caliber blue steel pistol and a "John Primble" pocket knife were missing. Skains identified a .38 caliber pistol found at Barshop's Pawn Shop on Elm Street as the gun taken in the burglary. Skains further identified a knife found at appellant's home as the stolen knife.

Ulysis Rawls testified that he and Leroy Calhoun were sitting in his car on Hutchinson Street on the afternoon of March 23, 1963 when appellant approached the car and said that he had been in a crap game and needed some money. Rawls and Calhoun both testified that appellant said he had a gun that he had won in a crap game, but he didn't know where to get any money for it. Rawls took the gun to Barshop's Pawn Shop for appellant and pawned it for twenty dollars.

Detective Cody of the Dallas Police Department testified that he went to appellant's house on March 25, 1963 and conducted a search which resulted in finding a pocket knife on appellant's dresser, later identified by Skains as the knife taken in the burglary. Detective Posey testified he went to Barshop's Pawn Shop and recovered the pistol identified by Skains as the pistol taken in the burglary.

Appellant testified that he was at work for a construction company from 7:35 A. M. to 4:00 P.M. on March 23, 1963. He

1. The conviction from which this appeal is taken occurred in 1963. On July 19, 1972 the convicting court held an evidentiary hearing on appellant's application for writ of habeas corpus. At the conclusion of such hearing the court found that appellant was indigent at the time of his conviction and sentencing; that appellant's indigency was made known to the court; that appellant requested his attorney to appeal the case but appeal was not pursued and that appellant did not waive his right to appeal. The trial court granted an out of time appeal and appointed counsel. We agree that the out of time appeal should be heard. See Reed v. State, Tex.Cr.App., 481 S.W.2d 814.

further testified that he saw Ulysis Rawls and LeRoy Calhoun after he left work on that date, but that he did not show them a pistol nor did he give either one of them a pistol.

The court instructed the jury on the law of alibi and circumstantial evidence. Appellant did not request a charge regarding the law of exculpatory statements and no objection was made to the charge for failure to include such instruction.

■ Rawls and Calhoun were called as witnesses by the State and appellant argues that their testimony relative to appellant telling them that he won the gun in a crap game is explanatory and exculpatory of the wrongdoing attributed to appellant. It is appellant's position that the State failed to disprove the exculpatory statement which it had introduced thereby rendering the evidence insufficient to support the conviction.

The testimony of appellant that he did not show Rawls and Calhoun a gun was in conflict with the claimed exculpatory statement. See Osborn v. State, 159 Tex.Cr.R. 323, 263 S.W.2d 263. Further, the testimony offered by the State that the stolen knife was found on appellant's dresser, the knife and pistol having been taken in the same burglary, tended to disprove the exculpatory statement. Thus, there was evidence from which the jury could conclude that the testimony relative to having won the gun in a crap game was untrue. See Chapman v. State, Tex.Cr.App., 486 S.W. 2d 383 (1972); Cuevas v. State, Tex.Cr. App., 456 S.W.2d 110; Windom v. State, Tex.Cr.App., 429 S.W.2d 488.

The unexplained possession of the knife recently stolen from the burglarized building standing alone is sufficient to support the conviction for burglary. Gardner v. State, Tex.Cr.App., 486 S.W.2d 805 (1972); Beard v. State, Tex.Cr.App., 458 S.W.2d 85; Harris v. State, Tex.Cr.App., 457 S.W. 2d 903; Adame v. State, Tex.Cr.App., 372 S.W.2d 545.

■ Appellant contends the court erred in admitting into evidence "fruits of a search which was conducted without a warrant and in violation of the laws and constitutions of Texas and of the United States."

Appellant's complaint concerns the admission of a knife found when appellant's house was searched by Dallas police on March 25, 1963. The record reflects that the following transpired regarding the introduction of the knife in evidence:

"Q I will ask you to take a look at State's Exhibit Number 2 and ask you if you have seen that before?

"A Yes.

"Q Where was it that you saw State's Exhibit Number 2?

"A On the dresser in Raymond Reed's (appellant's) room.

"MR. MILLER: We now offer State's Exhibit Number 2 into evidence.

"MR. SMITH (appellant's counsel): No objection."

Any error in the admission of the knife was expressly waived by appellant. Tezeno v. State, Tex.Cr.App., 484 S.W.2d 374; Land v. State, Tex.Cr.App., 465 S.W.2d 153; Frey v. State, Tex.Cr.App., 466 S. W.2d 576; Pointer v. State, Tex.Cr.App., 467 S.W.2d 426.

Appellant complains of the admission of five exhibits offered by the State, arguing that such exhibits reflect that appellant was indicted for offenses but failed to show final convictions. When each of the exhibits was offered by the State, counsel for appellant stated, "No objection." As heretofore discussed, under such circumstances, any error in admission of the exhibits was expressly waived by appellant. Tezeno v. State, supra; Land v. State, supra; Frey v. State, supra; Pointer v. State, supra.

Lastly, appellant submits for the court's consideration what he had designated as "Additional Points." We have reviewed the same and find them to be without merit.

The judgment is affirmed.

Opinion approved by the Court.