NO. 07-05-0263-CR


 NO. 07-05-0264-CR

 NO. 07-05-0265-CR

 NO. 07-05-0266-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 24, 2006



______________________________




MIGUEL A. TIJERINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2004-407714, 2005-408363, 2005-408364 & 2005-408365; 



HONORABLE JIM BOB DARNELL, JUDGE


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following an open plea of guilty, appellant Miguel A. Tijerina was convicted of four
counts of burglary of a habitation and sentenced to 20 years confinement. In presenting
this appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that he sent a copy
of the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that could arguably support an
appeal. We have reviewed these grounds and made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have found no such grounds
and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motions to withdraw are hereby granted and the trial court's
judgments are affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



dmitted without objection. (4) After the hearing, the State
Office of Administrative Hearings administrative law judge (ALJ) found in the Department's
favor on the pertinent issues listed in section 724.042, and entered an order authorizing
the license suspension. (5)
 Tex. Transp. Code Ann. §§ 724.042, 724.043 (Vernon Supp.
2006). Morgan's appeal of the ALJ's decision was heard in the district court. He now
appeals the district court's judgment approving the suspension of his license. 

 Review of the ALJ's decision by the trial court is based on the substantial evidence
rule. Tex. Transp. Code Ann. §§ 724.047, 524.041; Mireles v. Texas Dep't of Public
Safety, 9 S.W.3d 128, 131 (Tex. 1999). 

 Morgan raises two issues in his brief on appeal. By his first issue, he contends his
arrest was unlawful because Trooper Barrientes' testimony at the license suspension
hearing demonstrates he arrested Morgan without a warrant and that none of the
circumstances authorizing a warrantless arrest under Chapter 14 of the Code of Criminal
Procedure were present. Through his second issue Morgan posits that evidence of the
unlawful arrest and his subsequent refusal to provide a breath specimen was inadmissible
in the license suspension hearing, preventing the Department from meeting its burden
under section 724.042.

 The Department responds initially that Morgan's appellate contentions were not
preserved for review, and we agree. Via his second issue, Morgan urges the applicability
of the exclusionary rule incorporated in article 38.23 of the Code of Criminal Procedure.
Tex. Code Crim. Proc. Ann. art. 38.23. Citing that statutory provision and Mapp v. Ohio,
367 U.S. 643, 655, 81 S.Ct. 1684 (1961), he contends evidence of his refusal to provide
the breath specimen is inadmissible and cannot be used against him to support the
findings required under section 724.042. Morgan acknowledges that the license
suspension hearing is a civil matter. See Tex. Transp. Code Ann. § 724.048(a)(1) (Vernon
1999) (so stating). Nevertheless, he argues the hearing is "quasi-criminal" in nature, and
subject to the Code of Criminal Procedure. He cites no authority for this proposition, and
we need not address it in this case. Assuming, arguendo, that Morgan's warrantless arrest
contravened the requirements of Chapter 14 of the Code of Criminal Procedure, (6) and
assuming further that fact would have precluded admission at the license suspension
hearing of evidence of his arrest and subsequent refusal to provide the specimen, the
record of the hearing reflects no objection to admission of such evidence. As noted,
Morgan's counsel affirmatively stated he had no objection to the Department's exhibits. 
Under our state's criminal jurisprudence, Morgan therefore may not complain on appeal
about admission of the evidence. Moody v. State, 827 S.W.2d 875, 889 (Tex.Crim.App.
1992); Reed v. State, 487 S.W.2d 78, 80 (Tex.Crim.App. 1972) (complaint of admission
of fruit of warrantless search not preserved). See also Texas Dep't of Public Safety v.
Pruitt, 75 S.W.3d 634, 639 (Tex.App.-San Antonio 2002, no pet.) (addressing objection
to admission of similar DPS report); Tex. R. App. P. 33.1 (error preservation generally
requires timely request, objection or motion in trial court); Tex. R. Evid. 103(a)(1) (timely
objection to admission of evidence, or motion to strike, required). 

 Accordingly, we overrule Morgan's second issue, and find it unnecessary to address
his first. The district court's judgment is affirmed.

 James T. Campbell

 Justice

 
1. The vehicle that was located matched the description with the exception that its
Texas license plate bore the number 78M-XH1 rather than the number 78M-HX1 reported
by the liquor store manager.
2. The record includes the Department's form DIC-24, signed by Morgan,
documenting his refusal to give the breath specimen. See Tex. Transp. Code Ann. §
724.032 (Vernon Supp. 2006) (providing for a written "refusal report").
3. The offense report contains the facts surrounding Morgan's arrest that we have
recited, detailing the trooper's actions and the events that led to his arrest of Morgan. 
Morgan does not deny on appeal that the facts recited in the report gave the trooper
probable cause to believe Morgan was operating a motor vehicle in a public place while
intoxicated. 
4. The hearing record reflects Morgan's counsel's statement of "no objection" when
the Department offered its exhibits.
5. The issues at the administrative hearing included whether: (1) reasonable
suspicion or probable cause existed to stop or arrest Morgan; (2) probable cause existed
to believe that he was operating a motor vehicle in a public place while intoxicated; (3) he
was placed under arrest by the officer and was requested to submit to the taking of a
specimen; and (4) he refused to submit to the taking of a specimen on request of the
officer. Tex. Transp. Code Ann. § 724.042 (Vernon Supp. 2006). 

6. Neither the administrative law judge nor the district court expressly decided this
issue.