NO. 07-05-0433-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 3, 2007
_____

JERRY DALE MORGAN, APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 05-07-20083; HONORABLE HAROLD PHELAN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Jerry Dale Morgan appeals the district court's judgment affirming the suspension of his driver's license by the Texas Department of Public Safety. We will affirm the district court.

The events leading to the suspension were largely undisputed. Trooper Jose Barrientes was notified of a one-vehicle accident in the parking lot of a liquor store in Hockley County, Texas. The manager of the liquor store reported that a white Dodge pickup struck a pole in the parking lot. The manager indicated he spoke to the driver, the

driver appeared to be intoxicated, and the driver left the scene. Approximately twenty minutes later, a vehicle matching the description provided by the manager[1] was located at a residence in Levelland, Texas.

The truck was parked, unoccupied, and Trooper Barrientes saw damage to its front that was consistent with striking a fixed object. Barrientes noted that the engine compartment was warm. Morgan, who was inside the residence, affirmed the vehicle was his.

While speaking with Morgan, Barrientes detected the odor of alcohol. Morgan's eyes were red and glassy and his speech was slurred. The trooper noted Morgan was unsteady on his feet. Morgan said he had been home for about an hour, and denied knowledge of any damage to the vehicle. He consented to inspecting the truck with the trooper and staggered as he walked. Trooper Barrientes reported he then read Morgan the *Miranda* warnings and asked him when he last drove the truck. Morgan responded he had not driven the truck in a week. When asked when he last consumed alcohol, Morgan stated that he was drinking in the house. When asked whether he had been to the liquor store, he responded "not today."

Morgan refused the trooper's request that he submit to sobriety tests. After the manager of the liquor store came to the residence and identified the truck as the vehicle that struck the pole, and identified Morgan as its driver, Morgan was arrested. At the jail,

[1] The vehicle that was located matched the description with the exception that its Texas license plate bore the number 78M-XH1 rather than the number 78M-HX1 reported by the liquor store manager.

2

Morgan refused to provide a breath sample.[2]  Because of his refusal, the Department

suspended his driver's license.  *See* Tex. Transp. Code Ann. § 724.035 (Vernon Supp.

2006) (permitting the suspension or denial of a person's driver's license if he refuses the

request of a peace officer to submit to the taking of a specimen).

Morgan requested a hearing pursuant to Transportation Code section 724.041. Tex.

Transp. Code Ann. §724.041(a), (d) (Vernon Supp. 2006).  At the hearing, the Department

offered four exhibits, including a supplemental form DIC-23 that contained the trooper's

offense report.[3]  The exhibits were admitted without objection.[4]  After the hearing, the State

Office of Administrative Hearings administrative law judge (ALJ) found in the Department's

favor on the pertinent issues listed in section 724.042, and entered an order authorizing

the license suspension.[5]  Tex. Transp. Code Ann. §§ 724.042, 724.043 (Vernon Supp.

---

[2] The record includes the Department's form DIC-24, signed by Morgan, documenting his refusal to give the breath specimen.  *See* Tex. Transp. Code Ann. § 724.032 (Vernon Supp. 2006) (providing for a written "refusal report").

[3] The offense report contains the facts surrounding Morgan's arrest that we have recited, detailing the trooper's actions and the events that led to his arrest of Morgan. Morgan does not deny on appeal that the facts recited in the report gave the trooper probable cause to believe Morgan was operating a motor vehicle in a public place while intoxicated.

[4] The hearing record reflects Morgan's counsel's statement of "no objection" when the Department offered its exhibits.

[5] The issues at the administrative hearing included whether: (1) reasonable suspicion or probable cause existed to stop or arrest Morgan; (2) probable cause existed to believe that he was operating a motor vehicle in a public place while intoxicated; (3) he was placed under arrest by the officer and was requested to submit to the taking of a specimen; and (4) he refused to submit to the taking of a specimen on request of the officer.  Tex. Transp. Code Ann. § 724.042 (Vernon Supp. 2006).

2006). Morgan's appeal of the ALJ's decision was heard in the district court. He now appeals the district court's judgment approving the suspension of his license.

Review of the ALJ's decision by the trial court is based on the substantial evidence rule. Tex. Transp. Code Ann. §§ 724.047, 524.041; *Mireles v. Texas Dep't of Public Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

Morgan raises two issues in his brief on appeal. By his first issue, he contends his arrest was unlawful because Trooper Barrientes' testimony at the license suspension hearing demonstrates he arrested Morgan without a warrant and that none of the circumstances authorizing a warrantless arrest under Chapter 14 of the Code of Criminal Procedure were present. Through his second issue Morgan posits that evidence of the unlawful arrest and his subsequent refusal to provide a breath specimen was inadmissible in the license suspension hearing, preventing the Department from meeting its burden under section 724.042.

The Department responds initially that Morgan's appellate contentions were not preserved for review, and we agree. Via his second issue, Morgan urges the applicability of the exclusionary rule incorporated in article 38.23 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.23. Citing that statutory provision and *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684 (1961), he contends evidence of his refusal to provide the breath specimen is inadmissible and cannot be used against him to support the findings required under section 724.042. Morgan acknowledges that the license suspension hearing is a civil matter. *See* Tex. Transp. Code Ann. § 724.048(a)(1) (Vernon

4

1999) (so stating).  Nevertheless, he argues the hearing is "quasi-criminal" in nature, and subject to the Code of Criminal Procedure.  He cites no authority for this proposition, and we need not address it in this case.  Assuming, *arguendo*, that Morgan's warrantless arrest contravened the requirements of Chapter 14 of the Code of Criminal Procedure,[6] and assuming further that fact would have precluded admission at the license suspension hearing of evidence of his arrest and subsequent refusal to provide the specimen, the record of the hearing reflects no objection to admission of such evidence.  As noted, Morgan's counsel affirmatively stated he had no objection to the Department's exhibits.  Under our state's criminal jurisprudence, Morgan therefore may not complain on appeal about admission of the evidence.  *Moody v. State*, 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); *Reed v. State*, 487 S.W.2d 78, 80 (Tex.Crim.App. 1972) (complaint of admission of fruit of warrantless search not preserved). *See also Texas Dep't of Public Safety v. Pruitt*, 75 S.W.3d 634, 639 (Tex.App.–San Antonio 2002, no pet.) (addressing objection to admission of similar DPS report); Tex. R. App. P. 33.1 (error preservation generally requires timely request, objection or motion in trial court); Tex. R. Evid. 103(a)(1) (timely objection to admission of evidence, or motion to strike, required).

Accordingly, we overrule Morgan's second issue, and find it unnecessary to address his first.  The district court's judgment is affirmed.

James T. Campbell
Justice

---

[6] Neither the administrative law judge nor the district court expressly decided this issue.