## T. C. Crane v. The State.

### No. 205. Decided December 22, 1909.

**1.—Theft of Horse—Bill of Exceptions—Order Allowing Filing After Adjournment.**

Where, upon appeal from a conviction of theft of a horse, it appeared from the record that at the time of the trial the former law, permitting the filing of bills of exception within twenty days subsequent to the adjournment of the court, was in force, and said bills of exception were not filed within said time, they could not be considered.

**2.—Same—Alibi—Charge of Court—Circumstantial Evidence.**

Where, upon trial for theft of a horse, the evidence was purely circumstantial, and the question of alibi was not affirmatively an issue in the case, no charge on alibi was necessary.

**3.—Same—Requested Charge.**

Where, upon trial for theft of a horse, the evidence upon which the requested charge was based was, in fact, never introduced, there was no error in refusing said charge.

**4.—Same—Requested Charge—Indictment.**

Where, upon trial for theft of a horse, nothing appeared in the record on appeal that the State insisted that the indictment should be regarded by the jury as evidence, there was no error in rejecting a requested charge on this phase of the case.

**5.—Same—Practice on Appeal.**

Where, upon appeal from a conviction of theft of a horse, it appeared from the record that no objection had been made in the court below to rejected testimony, and that therefore the court had refused to approve the bills of exception, there was no error, and no question for revision.

**6.—Same—Practice on Appeal.**

Where the court below refused a bill of exceptions because no objection was made to the testimony at the time of its introduction, there was no error, and no question for revision presented.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial for theft of a horse, the evidence showed that the defendant was seen going in the direction where the alleged horses were taken, coming away from said point, shipping. handling and disposing of the property, and in no way accounting for his possession thereof, a conviction will not be disturbed.

Appeal from the District Court of Mitchell. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of theft of a horse; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

F. G. Thurmond, for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, his punishment being assessed at ten years confinement in the penitentiary.

Appellant reserved two bills of exception, which were filed too late to be considered. Court adjourned on the 18th of June. The bills were filed on the 17th of July following. There was an order of twenty days allowed for the filing of bills of exception. This was in accordance with the statute. The bills were filed after the time allowed by the court, and provided by the statute, and, therefore, can not be considered.

1. Several grounds of the motion for a new trial suggest error on the part of the court in admission of testimony. There being no bills of exception presenting these matters, they can not be considered. It is insisted the court erred in not charging the law applicable to alibi. We are of opinion, under the evidence in this case, that this contention is not well taken. The case is one purely of circumstantial evidence, and the question of alibi was not an issue in the case otherwise than suggested under the general theory of circumstantial evidence. We are of opinion that the failure of the court to charge on alibi is not of such material character as would require a reversal. An appropriate charge presenting the law of circumstantial evidence was given.

2. There were two special charges requested, which were refused by the court. In the first charge the court was requested to charge the jury that all testimony as to the contents of the bill of lading, including name of shipper, sought to be introduced in evidence in this case, was by the court excluded from your consideration, and same shall not be considered by the jury for any purpose. On the face of this charge such evidence was not introduced, but only sought to be introduced. We are of opinion it was not necessary to instruct the jury as requested. In the second special charge the court was requested to instruct the jury that an indictment is no evidence of guilt, and the fact that there is an indictment against the defendant in this case should not be considered by them as a circumstance of guilt. There is nothing shown in the record that it was an insistence before the jury that the indictment should be regarded by them as

evidence of guilt in any manner either by argument or otherwise, and we, therefore, are of opinion the court did not err in refusing this requested instruction.

3. Appellant insists the evidence is not sufficient to warrant the finding of the jury. As above stated, the testimony is circumstantial, but we are of opinion that it is sufficient to justify the verdict of the jury.

There are a great many facts and circumstances in the case which we think authorized the jury to conclude that appellant was a guilty party in the theft of the horses, but we deem it unnecessary to collate these facts and circumstances.

The judgment is therefore affirmed.

*Affirmed.*

Brooks, Judge, absent.

### ON REHEARING.

#### December 22, 1909.

DAVIDSON, Presiding Judge.—At a former day of this term the judgment herein was affirmed. Motion for rehearing is urged on account of the insufficiency of the evidence, and the failure of the court to charge the law applicable to alibi.

In the former opinion it was stated that the bills of exception would not be considered by reason of the fact they were filed after twenty days subsequent to the adjournment of the term of court at which the trial occurred; that under the law then existent bills of exception were required to be filed within twenty days after adjournment of the term. Under the Act of the Thirtieth Legislature the statement in the opinion is correct. This law was still in force at the time of the trial of appellant, which occurred in June, 1909. For fear this opinion might be misleading as to future practice in regard to this matter, we call attention to the fact that the Act of the Thirty-first Legislature, page 376, provides that bills of exception and statements of fact can be filed at any time within thirty days after the adjournment of court, and for satisfactory reasons the trial court may even then extend the time in which to file such statements of fact and bills of exception. The Act of the Thirty-first Legislature, however, was not in force at the time of appellant's trial. It was passed on the first of May, 1909, but did not become effective until ninety days after the adjournment of the Legislature, which placed it in effect long subsequent to appellant's trial.

1. The bills of exception, however, do not present any matter that can be revised inasmuch as the court refused to approve them because no exception was taken. In the first bill the court says: "Refused because no objection and no exception were made to the question: 'Where were the horses shipped from?' Second: Because

an objection was made to stating the name of shipper but no exception was taken. Afterwards Rogers in testifying stated that Crane told him that he, Crane, was the shipper." This matter, if we looked to the statement of facts, occurred with reference to the shipment of the animals in question with others from a station on the T. & P. Railroad called Roscoe. The question asked was, "Where were the horses shipped from?" to which the witness replied they were shipped from Roscoe, Texas. As qualified by the court, there is no question presented for revision.

2. The remaining bill of exceptions recites that while the witness T. C. Andrews was upon the witness stand, he was asked the following question: "Where were you indicted for swindling jointly with J. B. Miller?" Appellant recites in the bill that he objected for the reason that the question asked and the necessary answer elicited could be introduced for no purpose except to prejudice the jury against the witness, and to prejudice the minds of the jury against defendant's case. The witness answered that he had been indicted for swindling with one J. B. Miller. The court refused this bill because no objection or exception was made to the testimony. This would eliminate the question so far as a revision of it is concerned.

3. Appellant urges as a ground of his motion for new trial the fact that the court did not instruct in regard to the law of alibi. We are of opinion in this there was no error. This was a case of circumstantial evidence. The State relied entirely upon circumstances and such evidence as was introduced to connect appellant with the original taking. There was no testimony introduced of an affirmative character showing an alibi. Appellant relied upon the failure of the State by the circumstances to connect him with the original taking. It was not an affirmative defensive matter, but if in the case at all, it could only be negatively drawn from the fact that the State did not connect appellant with the original taking by positive testimony. Under this state of case the court is not required to submit the law of alibi, at least the failure to do so is not a reversible error. This matter has been frequently discussed by this court in the decisions, and, under the circumstances here shown, it has not been held that the failure to charge on alibi was reversible error.

We have reviewed the testimony in the light of appellant's contention that it was insufficient. It may be conceded the evidence is not very strong, but still, we think, it is sufficient. Appellant shipped the horses from Roscoe to Fort Worth, and was connected with them in Fort Worth in regard to the handling and disposition of them at that point. He was seen and recognized going in the direction of where the horses were taken, and also in going away from the same point. While he was not seen in possession of the horses in the immediate neighborhood where they were taken, yet he shortly after-

wards shipped the horses from Roscoe. The evidence shows that there were others with him at the time that he was going in the direction of where the horses were taken, and in the immediate neighborhood. He does not in any way undertake to account for his possession of the horses and the shipment of them from Roscoe. There was no evidence introduced either by the State or by appellant going to place others in possession of the horses between the time they were taken and their being shipped from Roscoe. In fact, appellant does in no way undertake to account for his connection with the horses, and his possession and shipment, as well as his relation to the horses in Ft. Worth, stand out as facts in the case. We are of opinion that as the record presents the matter, we would not be justified in setting aside the verdict of the jury. Therefore, the motion for rehearing is overruled.

*Overruled.*