DELORES JENEARA DAVISS v. STATE

No. 27,717. October 26, 1955
Rehearing Denied December 14, 1955

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a trial without a jury on a plea of not guilty, appellant was convicted under the procuring statute and assessed a term of one month in jail and a fine of $50.

Two police officers of the city of Houston were the only state witnesses. Their testimony made a case against appellant and showed that she, at their request, brought to the room a girl who agreed to have sexual intercourse for a certain price.

Appellant contends that the officers were accomplice witnesses because they made the initial approach and requested appellant to procure the girl.

Her further contention is that the testimony of these witnesses was not corroborated by any other evidence or testimony and, under the provisions of Art. 718 C.C.P., the conviction cannot stand.

We need not determine whether or not the officers were accomplice witnesses under the facts of this case. If they were, the following testimony of Neil B. Todd, a defense witness, furnishes the required corroboration of the testimony of his fellow officers.

"Q. Were you at or about 2715 Wichita on the 9th day of September this year? Were you at that address? A. Yes sir, I was.

"Q. On or about the 9th day of September? A. Yes, I was.

"Q. Did you see this defendant there? A. Yes, I did.

"Q. Did you see someone there by the name of Theresa Mitchell? A. Yes, I did.

"Q. Have you ever seen Theresa Mitchell before? A. No.

"Q. Where was she the first time that you saw her? A. In the living room at 2715 Wichita.

"Q. How did she get in that room? A. This woman, Jeneara Daviss, brought her in the living room.

"Q. She walked out and walked back with her? A. Yes sir."

On cross-examination he testified:

"Q. Officer Todd, you were there when Delores Davis solicited Officer Crow for a date, weren't you? A. Yes sir.

"Q. And, then she went out and came back with a woman she introduced as Theresa Mitchell? A. That is correct."

On-redirect examination:

"Q. You all went there in regard to a date, is that right? A. Yes sir.

"Q. State whether or not well, I will word it this way — due to the fact that the State has brought it out. State whether or not, when you went to this address on the 9th of September, the

Officer with you inquired if there was a girl available for a date? A. Yes sir, the Officer with me on that night did."

The evidence is deemed sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant contends that Officer Todd's testimony shows that he participated with the other officers in causing appellant to procure the girl; therefore, he is an accomplice and his testimony is not sufficient to corroborate the testimony of the other accomplices.

Officer Todd was called as a witness by the appellant. The law does not require the testimony of an accomplice to be corroborated, when given for the accused. The statute forbids conviction upon the testimony of an accomplice, unless corroborated, but does not require such testimony to be corroborated when given for the accused. Josef v. State, 43 Texas Cr. R. 446, 30 S.W. 1067; Williams v. State, 37 S.W. 325.

The motion for rehearing is overruled.

Opinion approved by the court.