**Ricky Scot CRANFIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49922.**

Court of Criminal Appeals of Texas.

July 16, 1975.

Bob Hanna, Abilene, for appellant.

Ed Paynter, Dist. Atty., James H. Smart, Jr., Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for knowingly and intentionally possessing a usable amount of marihuana over four ounces. The punishment assessed by the jury is imprisonment for three years. In six grounds of error the appellant asserts that the evidence is insufficient to support the conviction, the court erred in failing to instruct the jury that three witnesses were accomplice witnesses as a matter of law, the evidence which tends to connect the appellant with the commission of the offense is insufficient to corroborate the testimony given by the accomplice witnesses, and the court erred in failing to submit to the jury the appellant's motion for probation.

At approximately 4:30 a. m. on April 22, 1974, five officers of the Police Department of the City of Abilene entered a residence at 1025 Vine Street to serve a search warrant. They found the appellant sitting on a couch in the living room. Charlie Hoe was sitting on another couch in the same room. Jimmy Stayton was stopped by the officers as he was leaving the living room going toward the kitchen. Darrell and Jo Nell Owens were asleep in a bedroom at the east side of the house, and Charles David

Whitehead was asleep in a bedroom at the southwest corner of the house. The appellant, Hoe, and Stayton appeared to be under the influence of drugs. There was a smell of burned marihuana which was stronger in the living room than the rest of the house. A "heavily used toker," a device used for smoking marihuana cigarettes, was found in a pocket of the pants worn by the appellant. Slightly more than one ounce of marihuana was found in a container under the couch on which the appellant was sitting, and 0.05 ounces of marihuana seeds were found scattered on and under the cushions on the couch where the appellant was seated. In a dresser drawer in the bedroom at the southwest corner of the house a letter postmarked January 14, 1974, and an envelope with a bank statement were found, both addressed to the appellant at a Bellmead, Texas address. In the drawer with the letters were two plastic baggies containing 1.6 pounds of marihuana. The total amount of marihuana found in the house was over seventeen pounds. There were also several pipes used for smoking marihuana and a scale calibrated in ounces suitable for weighing marihuana found in the house.[1]

■ The appellant erroneously assumes that Jo Nell Owens was an accomplice witness and that it was necessary to corroborate her testimony. The appellant called Jo Nell Owens as a witness, and he offered her testimony; therefore, her testimony is not that of an accomplice witness. Article 38.-14, Vernon's Ann.C.C.P., does not require corroboration of a witness called by an accused. *Jenkins v. State,* 484 S.W.2d 900 (Tex.Cr.App.1972); *Brown v. State,* 476 S.W.2d 699 (Tex.Cr.App.1972); *Daviss v. State,* 162 Tex.Cr.R. 280, 284 S.W.2d 713

(1955); 24 Tex.Jur.2d, § 687, p. 304, and see *Chapman v. State,* 486 S.W.2d 383 (Tex.Cr. App.1972). Jo Nell Owens testified that the appellant and Stayton had come to the Owens' house Saturday evening and that on Sunday evening all of the people whom the officers found in the house had been smoking marihuana. She said that the appellant and Stayton brought the large quantity of marihuana to the house and that they weighed and placed quantities of the marihuana in baggies.

The court charged the jurors on the law of accomplice testimony instructing them that they were to determine from the facts whether Jo Nell Owens, Darrell Owens, and Charles David Whitehead were accomplice witnesses. From what has already been said no such instruction was necessary as to the testimony of Jo Nell Owens since she was a defense witness.

■ It is unnecessary for us to determine whether the court erred in failing to charge that Darrell Owens and Charles David Whitehead were accomplices as a matter of law, if we apply the rule stated in *Gonzales v. State,* 441 S.W.2d 539 (Tex.Cr. App.1969). There it was said:

"In *Harrell v. State,* 107 Tex.Cr.R. 8, 294 S.W. 597, the failure to peremptorily instruct the jury that the witness was an accomplice witness was reversible error where the testimony of the witness was held essential to the conviction.

"The distinction between the line of cases represented by *Harrell v. State, supra,* and the line of cases where the submission of the issue was held sufficient though the evidence made it apparent that the witness was in fact an accom-

---

1. The record reflects that a diagram of the house was used before the jury to show where approximately twenty pieces of evidence were found. Unfortunately a copy of that diagram was not included in the record. This makes it difficult for us to understand the testimony and to determine precisely where each piece of evidence was found. *Trial judges and counsel are admonished to see that such diagrams are admitted in evidence and made a part of the appellate record.*

plice witness was explicated in *Cantrell v. State*, 129 Tex.Cr.R. 240, 86 S.w.2d 777. See also *Phillips v. State*, 144 Tex.Cr.R. 566, 164 S.W.2d 844; *Nisbet v. State, supra* [170 Tex.Cr.R. 1, 336 S.W.2d 142, cert. den. 363 U.S. 829, 80 S.Ct. 1601, 4 L.Ed.2d 1524].

"It appears from the cases that where the court submits to the jury the fact question of whether a certain State witness is an accomplice witness when the evidence was such as to justify a charge that such witness was an accomplice as a matter of law, and proper objection is reserved, the error does not require reversal unless the testimony of the witness is essential to the State's case (a) because, if the witness is in fact an accomplice, there is no evidence to corroborate his testimony, or (b) because, without the testimony of the witness (whether he be an accomplice or not) there is insufficient evidence to support a conviction or (c) because it is the sole corroboration of the testimony of another accomplice witness."

We find the evidence already summarized, which does not include any of the testimony of Darrell Owens or Whitehead, is amply sufficient to sustain the jury's verdict and this conviction. That evidence shows that the appellant at least jointly exercised actual care, control, and management over the marihuana and that he knew the material he possessed was marihuana.

We have considered *Hernandez v. State*, 517 S.W.2d 782 (Tex.Cr.App.1975) and all of the cases cited by the appellant including *Kinkle v. State*, 474 S.W.2d 704 (Tex.Cr. App.1971); *Haynes v. State*, 475 S.W.2d 739 (Tex.Cr.App.1972); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.1972), and *Higgins v. State*, 515 S.W.2d 268 (Tex. Cr.App.1974), but even though the appellant was a guest in the Owens' home we do not find these cases to be authority for the reversal of this conviction.

The remaining question is whether the court erred in failing to submit to the jury the appellant's request that he be granted probation. Prior to trial the appellant filed a motion alleging that he had not been finally convicted of any felony offense and that he was eligible for probation. Before any testimony was offered before the jury to support the appellant's motion for probation the prosecutor was sworn as a witness and testified that the appellant was the same person who had been convicted in Cause No. 11,285A on July 17, 1974, for the sale of marihuana, that his penalty in that case was assessed by a jury at imprisonment for three years and a fine of twenty-five hundred dollars and that the jury had recommended and the appellant had been granted probation. The State incorrectly took the position that even though Cause No. 11,285A had been appealed and was not final the appellant was not entitled to have the jury consider his motion for probation. Subsequent to the trial of the present case this Court in *Baker v. State*, 520 S.W.2d 782 (Tex.Cr.App.1975), held that an accused was eligible to have his motion for probation submitted to the jury even though he had been convicted prior to that time if that prior conviction was not a final conviction because it was on appeal; however, in *Baker v. State*, 519 S.W.2d 437 (Tex.Cr.App. 1975) where the notice of appeal in the prior conviction was not timely and the appellant had failed to show that the conviction was properly on appeal it was held that the appellant was not entitled to have his motion for probation submitted to the jury in his subsequent trial.

■ This Court may take judicial cognizance of one of its own opinions and determine from what court that appeal was taken and the cause number in the trial court. Cf. *Mayhew v. State*, 69 Tex.Cr.R.

187, 155 S.W. 191 (1913); *Donald v. State,* 165 Tex.Cr.R. 252, 306 S.W.2d 360 (1957). By doing so we judicially know that the appellant's conviction in Cause No. 11,285A in the 42nd District Court of Taylor County was docketed in this Court as Number 49,-681, and that it was dismissed by a per curiam opinion on January 15, 1975, because the record did not contain any notice of appeal. The appellant also argues that since he had filed a motion for new trial in Cause No. 11,285A it was not a final conviction at the time of the trial of this case. The trial of this case commenced on August 19, 1974. Cause No. 11,285A was tried and judgment was entered on July 17, 1974. On July 24, 1974, the appellant filed a motion for new trial. The records fail to show that this motion was ever submitted to the court for consideration. Article 40.05, V.A.C.C.P.

requires that a motion or an amended motion for new trial be acted on within twenty days after it is filed. This provision has been held to be mandatory. *Grimes v. State,* 171 Tex.Cr.R. 298, 349 S.W.2d 598 (1961); *Steward v. State,* 422 S.W.2d 733 (Tex.Cr.App.1968). The case at bar was tried twenty-six days after the motion for new trial had been filed in Cause No. 11,-285A. Therefore, the motion for new trial had been overruled by operation of law, and, insofar as the records before us show, the conviction had become final. The appellant was not entitled to have the issue of probation submitted to the jury in the trial of this case.

The judgment is affirmed.

Opinion approved by the Court.