Milo ASTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 199–82.

Court of Criminal Appeals of Texas,
En Banc.

June 15, 1983.

Jimmy Morris, Corsicana, Jim Vollers, Austin, for appellant.

Patrick Batchelor, Dist. Atty. and John H. Jackson, Asst. Dist. Atty., Corsicana, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of murder. The jury assessed punishment at seventy-five (75) years' imprisonment. On appeal the Waco Court of Appeals affirmed the conviction in an unpublished opinion with one justice dissenting.

We granted appellant's petition for discretionary review concerning grounds of error relating to the charge to the jury.

On April 17, 1980, Randy Foster, Everett Wilson and Allen Wayne Johnson met with appellant at his house in Corsicana. Foster owed appellant and Johnson about $3,500.00 for drugs. Foster agreed to kill Jeffrey Rash in exchange for cancellation of the debt.

The next day Foster bought a shotgun, sawed it off and filed it down. On April 20, 1980, Foster picked up Rash and drove to Gibson's store parking lot and met Wilson and Johnson. Foster and Wilson drove Rash out into the country. Johnson followed in his car. Foster took the shotgun and a rope out of the car. They all walked about 150 yards and stopped. Wilson tied Rash's hands. Johnson said, "Do it." Foster shot Rash twice. Foster picked up the shells and they left the scene.

Appellant was not present at the time of the shooting.

Rash's decomposed body was found and later identified. The autopsy reflects death was due to a gunshot wound.

The trial court instructed the jury that the witnesses Foster and Wilson were accomplice witnesses as a matter of law.

Initially we shall consider appellant's contention the court erred in overruling his request that the jury be charged that one accomplice witness cannot corroborate another accomplice witness. He urges that Foster and Wilson were accomplice witnesses and the jury should have been instructed they could not corroborate each other.

Article 38.14, V.A.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The instruction requested should be given where proper. In 2 Branch's Ann.P.C.2d, § 747, p. 44, it is stated:

"When more than one accomplice testifies *for the State*, the court should charge the jury that one accomplice cannot corroborate another. (Authorities cited omitted.)" (Emphasis supplied.) See also *Fields v. State*, 426 S.W.2d 863 (Tex. Cr.App.1968); *Chapman v. State*, 470 S.W.2d 656 (Tex.Cr.App.1971).

In *Alsup v. State*, 118 Tex.Cr.R. 388, 39 S.W.2d 902 (Tex.Cr.App.1931), and *Manley v. State*, 138 Tex.Cr.R. 379, 136 S.W.2d 613 (Tex.Cr.App.1940), convictions were reversed for the trial court's failure to instruct the jury that one accomplice witness could not corroborate another. Such an instruction is also required where one witness is an accomplice witness as a matter of law and another witness may be found to have been where the issue is submitted as a fact issue to the jury. *Fields v. State*, supra.

There is no error here. The State called Foster as a witness, but it did not call Wilson even though he had been granted immunity. The appellant called Wilson as a defense witness.

In *Cranfil v. State*, 525 S.W.2d 518, 520 (Tex.Cr.App.1975), this court stated:

"The appellant called Jo Nell Owens as a witness, and he offered her testimony;

therefore, her testimony is not that of an accomplice witness. Article 38.14, Vernon's Ann.C.C.P., does not require corroboration of a witness called by an accused. *Jenkins v. State,* 484 S.W.2d 900 (Tex.Cr. App.1972); *Brown v. State,* 476 S.W.2d 699 (Tex.Cr.App.1972); *Daviss v. State,* 162 Tex.Cr.R. 280, 284 S.W.2d 713 (1955); 24 Tex.Jur.2d, § 687, p. 304, and see *Chapman v. State,* 486 S.W.2d 383 (Tex. Cr.App.1972)."

See also *Brown v. State,* 576 S.W.2d 36, 42 (Tex.Cr.App.1978) (Reversed on rehearing on other grounds.)

The trial court was in error in instructing the jury that Wilson was an accomplice witness since he was a defense witness, but under the circumstances there was no error in overruling the special requested charge.

Appellant urges that the court erred in refusing to grant his request that the jury be charged that the accomplice's testimony relative to "solicitation" must be corroborated.

The court gave the "usual" charge on accomplice witness testimony in accordance with Article 38.14, V.A.C.C.P., but appellant argues the "usual" charge is not always sufficient and the gravamen of the instant murder charge was solicitation "and that the court should have instructed the jury that evidence of the solicitation coming from the accomplice witnesses had to be corroborated." See *Fortenberry v. State,* 579 S.W.2d 482 (Tex.Cr.App.1979); *Cagle v. State,* 505 S.W.2d 858 (Tex.Cr.App.1974); *Cone v. State,* 86 Tex.Cr.R. 291, 216 S.W. 190 (Tex.Cr.App.1919).

Appellant objected to the charge "as a whole for the reason that the same does not require the jury to find that the accomplice's testimony has to be corroborated in regard to each element of the offense, specifically that Defendant Milo Aston solicited Randy Foster to kill Jeffery Rash."

Appellant also requested the following charge:

1. Article 70, V.A.P.C., 1925 (Who is an accomplice), provided:

"Before you convict Milo Aston you must find and believe from the evidence that the accomplice's testimony has been corroborated showing that Milo Aston solicited Randy Foster to kill Jeffery Rash."

Both the objection and the special requested charge were overruled.

The majority of the Court of Appeals held that when paragraphs 4 and 6 of the court's charge are read together the court effectually charged the jury that accomplice witness testimony relative to solicitation must be corroborating rendering the charge in harmony with *Fortenberry, Cagle* and *Cone.* One justice dissented holding under aforementioned cases the appellant was entitled to the instruction requested.

Omitting the formal parts, the indictment alleged that Milo Aston and Allen Wayne Johnson, acting together, "did then and there intentionally and knowingly cause the death of an individual, Jeffrey Rash, by shooting him with a gun . . . ."

It should be remembered that the 1974 Penal Code abolished the distinction between a principal and an accomplice to the crime. *Easter v. State,* 536 S.W.2d 223, 228 (Tex.Cr.App.1976).

V.T.C.A., Penal Code, § 7.01, provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted *without alleging that he acted as a principal or accomplice.*"

Under the former Penal Code, appellant would have been charged as an accomplice to the crime as he was not present at the time of the commission to the offense.[1]

"An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or

Under the current code it was not necessary to so allege.

V.T.C.A., Penal Code, § 7.02(a)(2) (Criminal Responsibility for Conduct of Another), provides:

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

"(1) * * *

"(2) acting with intent to promote or assist the commission of the offense, he *solicits,* encourages, directs, aids, or attempts to aid the other person to commit the offense; or . . . ." (Emphasis supplied.)

It was the State's theory that appellant was guilty as a party to the crime under said §§ 7.01 and 7.02(a)(2).

■ The appellant was not present at the shooting and did not testify. Co-defendant Johnson did not testify. Foster testified for the State as to both the solicitation and the shooting. Wilson corroborated Foster as to the solicitation and shooting. The appellant claims there was no corroboration of the testimony of Foster and Wilson as to the solicitation, and since the court charged Foster and Wilson were accomplice witnesses, he was entitled to the requested charge that their testimony as to solicitation had to be corroborated in order to convict. As we have seen, Wilson was not an accomplice witness as he testified for the defense, and the court was in error in charging he was an accomplice witness. Wilson's testimony was thus sufficient to corroborate Foster's testimony.

The effect of appellant's argument is that when a defendant is guilty of the offense charged only as a party under said §§ 7.01 and 7.02, and there is an accomplice witness, that witness' testimony must be cor-

roborated by independent evidence tending to connect the defendant with the offense committed as required by Article 38.14, V.A.C.C.P., but there must also be independent evidence corroborating those factors which would make the defendant a party to the crime. Whatever the continued viability of the *Fortenberry* line of cases, we decline to apply those cases to the instant case.

■ While the charge in the instant case is no model, when it is read as a whole, we cannot conclude, given the circumstances of the case, that the error, if any, was reversible error.

■ Appellant also complains the trial court failed to respond to his special requested charge on the presumption of innocence.

There were two statutes touching on this subject matter at the time of appellant's trial which commenced on April 1, 1981, one in the Penal Code, and one in the Code of Criminal Procedure.

V.T.C.A., Penal Code, § 2.01 (1974), provided:

"All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."

Article 38.03, V.A.C.C.P. (1965), provided:

"The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case of reasonable doubt as to his guilt he is entitled to be acquitted."[2]

encourages another to commit the offense; or

"Who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid; or,

"Who promises any reward, favor or other inducement, or threatens any injury in order to procure the commission of the offense; or,

"Who prepares arms or aid of any kind, prior to the commission of an offense, for the

purpose of assisting the principal in the execution of the same."

2. Article 38.03, supra, has now been amended so that it reads exactly like said § 2.01 (Acts 1981, 67th Leg., p. 2247, ch. 539, § 1, eff. June 12, 1981). This amendment became effective after the date of the instant trial.

The appellant requested a charge which tracked the language of the Penal Code and added at the conclusion of the request "Sec. 2.01, PC)." The special requested charge was denied.

The trial court instructed the jury as follows:

"A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

"The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions you will acquit him."

The court's charge (second paragraph above) generally followed the terms of Article 38.03, supra, as it existed at the time. It was in accord with many of the form books as to a charge on the presumption of innocence and was one that has been used by trial courts for many years.

The question to be determined is whether such instruction was sufficient in light of the requested charge in the terms of V.T.C.A., Penal Code, § 2.01, which was the latest expression of the legislative intent.

With regard to the first sentence of the requested charge, we find the Practice Commentary to said § 2.01 states in part:

"The first sentence of this section repeats with some additional specificity C.C.P. art. 38.03. The second sentence throws in an expanded version of the standard jury charge on presumption of innocence and burden of proof, see W. Morrison and T. Blackwell, Willson's Texas Criminal Forms § 3452 (7th ed. 1966). Neither sentence much advances the codi-

fication-of-general-principles objective of the new code."[3]

Further, under a forerunner of said Article 38.03, it was held that the charge need not couple reasonable doubt with each element of the offense where given in regard to the offense as a whole. *Fulton v. State,* 102 Tex.Cr.R. 146, 277 S.W. 651 (Tex.Cr.App.1925). It has also been held that the doctrine of reasonable doubt given in the charge with reference to the whole case, that is, with reference to the general issue of guilt or innocence, is ordinarily sufficient, without applying it to each and every fact in proof. Article 38.03, supra, note 24, and cases there cited.

The charge in the instant case sets out the offense charged and applied the law to the facts and required the jury to find beyond a reasonable doubt the appellant was guilty of the offense charged before a guilty verdict could be returned.

The second sentence of the requested charge was likewise in the language of said § 2.01 of the Penal Code. It states a familiar proposition of law that the indictment, etc., is no evidence of guilt. Such proposition is usually given as a standard jury instruction and it was given in the instant case with regard to the indictment. It has been held, however, that where it does not appear that there was an insistence before the jury that the indictment should be regarded by them as evidence of guilt, it is not error to refuse a charge that the indictment is no evidence of guilt. *Crane v. State,* 57 Tex.Cr.R. 476, 123 S.W. 422 (Tex.Cr.App.1909). There is nothing in the record to show that there was any insistence that the appellant's arrest, confinement, indictment or other charges were evidence of his guilt. No issue was made of the matter during trial, and appellant does not claim otherwise.

The court erred in refusing to charge in accordance with the requested charge in the

---

**3.** Article 9, V.A.P.C. (1925), was the forerunner of § 2.01, supra, and read simply:

"Every person accused of an offense shall be presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt."

language of said § 2.01, it being the latest expression of the legislative intent on the subject, but the charge given, which in many respects, was substantially the same as § 2.01, did not injure the rights of the appellant nor deprive him of a fair and impartial trial. See Article 36.19, V.A.C. C.P.

Now that Article 38.03, V.A.C.C.P., and V.T.C.A., Penal Code, § 2.01, read exactly alike,[4] this type of question should be eliminated.

The judgment of the Court of Appeals is affirmed.

CLINTON and TEAGUE, JJ., concur.