IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-385-CR




CLARENCE HUNTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 00910135, HONORABLE WILFORD FLOWERS, JUDGE


 





PER CURIAM

 The district court found appellant guilty of burglary of a habitation and assessed
punishment at imprisonment for ten years, probated. Tex. Penal Code Ann. § 30.02 (West 1989). 
In his only point of error, appellant contends the evidence is not sufficient to corroborate the
testimony of two accomplice witnesses.

 On the night of December 27, 1990, Grace Pritchard was awakened by sounds
outside her home at 5207 Medford in Austin. As she watched through a window, the screen
enclosing her porch was cut with a knife and three men entered. The men continued into the main
part of the house, and one entered Pritchard's bedroom. The three men fled when the police
arrived in response to Pritchard's telephone call. Pritchard could not identify appellant as one of
the burglars.

 Appellant's codefendants, Walter Brown and Terry Cavanaugh, each testified. 
Both admitted burglarizing Pritchard's house and identified appellant as the third burglar.

 Brown and Cavanaugh, having been indicted for this offense, were accomplices as
a matter of law. East v. State, 702 S.W.2d 606 (Tex. Crim. App. 1985). A conviction cannot
be had upon the testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed. Tex. Code Crim. Proc. Ann. art. 38.14 (West
1979). The corroboration is not sufficient if it merely shows the commission of the offense. Id. 
One accomplice witness cannot corroborate another. Aston v. State, 656 S.W.2d 453 (Tex. Crim.
App. 1983).

 In order to determine whether there is sufficient corroborative evidence, we ignore
the accomplice testimony and examine the record to determine if there is any other inculpatory
evidence tending to link appellant to the crime. Gordon v. State, 796 S.W.2d 319, 322 (Tex.
App.--Austin 1990, pet. ref'd). This evidence need not be sufficient to convict; it is sufficient if
it tends to connect appellant with the offense. Id.

 The State's other witnesses were three Austin police officers. Edward Peek was
the first officer to arrive at Pritchard's house. As he approached the porch, the burglars ran from
the house. One of them, Cavanaugh, ran into the officer and the two men fell to the ground. 
After a struggle, Peek subdued Cavanaugh and placed him under arrest.

 Officer Manuel Pena also responded to the burglary in progress call. As he
approached the scene, he saw two men walking along Medford Street one hundred feet from
Pritchard's house. Pena found Peek and Cavanaugh at the rear of the house. Cavanaugh told the
officers that two other men were involved in the burglary. From Cavanaugh's description of the
other burglars, Pena realized that they were the two men he had just seen. Pena identified
appellant at trial as one of these men and testified that Brown was the other.

 Officer Terrence Meadows, a member of the canine section, testified that he and
his dog began a search of the neighborhood around Pritchard's house shortly after the burglary. 
He encountered two men, whom he later identified as Brown and appellant, on a side street just
off Medford. Appellant brandished a knife at Meadows' dog. The men told the officer they were
going to a convenience store and he allowed them to go on their way. Later, after hearing the
broadcast description of the two burglary suspects and recognizing that it fit the two men he had
just seen, Meadows went to a nearby store where he found and arrested Brown and appellant. 

 The presence of the accused in the company of the accomplice witness, at least
when it is coupled with other circumstances, may be sufficient to corroborate the accomplice
testimony. Mitchell v. State, 650 S.W.2d 801, 808 (Tex. Crim. App. 1983). Proof that the
accused was at or near the scene of the crime at or near the time of its commission also may tend
to connect him with the offense so as to corroborate accomplice testimony. Passmore v. State,
617 S.W.2d 682 (Tex. Crim. App. 1981). Both of these factors are present in this cause, as the
nonaccomplice testimony shows that appellant was near the burglarized house, in the company of
one of the accomplices, minutes after the offense was reported. We deem it significant that the
offense took place after 11:00 p.m., at a time when pedestrian traffic on this residential street
would be expected to be light. Further, appellant had a knife in his possession, and the
complaining witness saw a knife being used to cut the porch screen. We find that the
nonaccomplice testimony is sufficient to connect appellant with the burglary and, therefore, to
corroborate the testimony of the two accomplice witnesses.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: September 16, 1992

[Do Not Publish]