NUMBER 13-01-727-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


ELTON D. ARD , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 356th District Court

of Hardin County, Texas.

__________________________________________________________________

O P I N I O N

Before Justices Hinojosa, Yañez, and Kennedy (1)

Opinion by Justice Kennedy



 Appellant was convicted by a jury of theft. The jury then assessed his punishment at confinement for thirty
years and a fine of $10,000. The State's evidence was that the complaining witnesses were a businessman and
his wife who kept large sums of money at their home in a safe. When they returned from a trip they found that
the safe had been broken into and money and other valuable items had been taken from it. According to the
State's evidence, appellant was one of a group of people, including the complaining witnesses' daughter and
stepdaughter, who participated in one way or another in the theft and in the flight thereafter.

 Appellant's brief brings three issues, which are:

 1. The evidence presented was insufficient to support the finding of guilt by the jury.
 


 The trial court erred in denying the appellant's motion for an instructed verdict of not guilty because the
State failed to corroborate the testimony of the accomplice witnesses as required by law.


 


 The trial court erred in denying appellant's motion to dismiss the prosecution for failure to grant a speedy
trial.



 We will first consider the second issue because the resolution of the first issue depends upon how we decide
issue number two. It is true, as appellant asserts, that the two witnesses who were able to directly connect
appellant with the robbery were co-conspirators. A third witness, who testified that appellant had told him he
was going to rob the complaining witnesses, was in prison at the time of the robbery. 

 The testimony of an accomplice must be corroborated in order to support a conviction. Tex. Code Crim.
Proc. Ann. art. 38.14 (Vernon 1979). However, when the defense presents the testimony of a person who
would otherwise be an accomplice witness, that witness's testimony need not be corroborated. Selman v.
State, 807 S.W.2d 310, 311 (Tex. Crim. App. 1991). In the case before us, the defense introduced into
evidence a statement given to a federal investigator by Debra Jackson, one of the witnesses against appellant. 
According to the statement, appellant told Jackson in advance that he was going to rob the home of the
complaining witnesses, that afterwards she saw appellant dispose of the gloves he told her he wore during the
robbery, that appellant cut from her body a monitoring band, (2) and that she fled with appellant to Wyoming
with a large amount of money in their possession. The written statement is substantially the same as the
testimony she gave against appellant during the trial. The written statement is non-accomplice testimony and,
therefore, is corroborative of the accomplice testimony elicited on direct examination. Brown v. State, 476
S.W.2d 699, 702 (Tex. Crim. App. 1972); Thomas v. State, 993 S.W.2d 392, 394 (Tex. App.-Eastland 1999,
no pet.). The corroborating testimony must do more than show that a crime was committed, Windham v.
State, 479 S.W.2d 319, 321 (Tex. Crim. App. 1972), however, it need not corroborate every element of the
offense charged. Holladay v. State, 709 S.W.2d 194, 199-200 (Tex. Crim. App. 1986); Snyder v. State, 68
S.W.3d 671, 677 (Tex. App.-El Paso 2000, pet. ref'd). In the case before us, Ms. Jackson's statement needed
no corroboration and was sufficient to convict appellant. We deny the relief sought by issue number two.

 The first issue alleges insufficient evidence to support the finding of guilt by the jury. As stated with regard to
issue number two, there is sufficient evidence to connect appellant to the robbery. Appellant argues, however,
that there is insufficient evidence to support the finding that the amount of money taken was in the amount of
$200,000, as alleged in the indictment. The indictment charges appellant with theft of "U.S. currency and
certificates of [deposit] of the value of $200,000 or more . . . ."

 To determine whether the evidence is legally sufficient to support the verdict, we view the evidence in the
light most favorable to the verdict and ask whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979);
Weightman v. State, 975 S.W.2d 621, 624 (Tex. Crim. App. 1998). In a factual sufficiency review, we
examine all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). 

 The complaining witness, Mr. Gardner, testified that there was quite a bit more than $200,000 in the safe
prior to the robbery. He testified that the value of the certificates of deposit was $1,202,566.40. This
evidence was not contradicted and is sufficient under either standard to prove the value of the property stolen. 
We deny the relief sought in issue number one.

 Appellant's third issue complains that the trial court should have dismissed the prosecution for failure to grant
a speedy trial. His argument is based solely on constitutional grounds. In reviewing issue number three, we
consider four things: 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his
speedy trial right, and 4) the prejudice to the defendant resulting from the delay. Barker v. Wingo, 407 U.S.
514, 530 (1972). The pertinent dates in the case before us are:

 October 17, 1997 Commission of the offense 



 April 22, 1999 Indictment



 November 10, 1998 Appellant incarcerated in federal prison to serve 57 month sentence 



 August 20, 2001 This trial began 



 August 2002 Appellant scheduled to be released from federal prison (approximately)



 In Dragoo v. State, No. 1733-01, 2003 Tex. Crim. App. LEXIS 11 (Jan. 22, 2003), the Court of Criminal
Appeals used the Barker test in a step-by-step discussion of the elements of the case before it. See id. at *7.
The court held that the length of the delay in the trial, three and one half years, met the defendant's burden in
the first prong of the test and was a triggering mechanism to justify further examination of the Barker inquiry. 
Id. at *8-*9. The court looked further and found that the State offered the trial court no reason to justify the
delay, therefore, this prong also weighed against the State. Id. at *9. In Dragoo, the court found against
appellant on the third prong, holding that appellant had failed to assert his speedy trial right. Id. at *11-*12. 
In the case before us, we find that appellant has also failed to prove the final Barker factor, i.e., the prejudice
resulting to him from the delay. Appellant's brief does not allege the loss to him of any witness or evidence
resulting from the delay. Appellant offered very little evidence in the trial of the case. He never complained
that the delay in his trial caused the loss of any witness or evidence to him. We fail to see how his
incarceration pending trial caused him hardship because he was in a federal prison serving a sentence for a
separate offense while awaiting trial of the case before us. Appellant has failed the fourth prong of Barker, for
which he had the burden. 

 We deny the relief sought in issue three and AFFIRM the judgment of the trial court.

 

NOAH KENNEDY

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 8th day of May, 2003. 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The witness was on federal probation.