# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-18-00540-CR

**Anthony Ruffins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2016-614, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING

## CONCURRING OPINION

I agree with the Court's analysis and join the Court's opinion regarding issues two through four and six through eleven. While I agree that Ruffins's fifth issue should be overruled, I do not agree that there was no error in the jury charge as concluded by the Court.

In his fifth issue, Ruffins asserts that the trial court's jury charge setting out the accomplice-witness instructions for David Hogarth and codefendant Gustavo Trevino contains error because it did not instruct the jury that it must first believe that the accomplice witness testimony is true. *See* Tex. Code Crim. Proc. art. 38.14. For the reasons set out in my original concurrence before remand, I still believe that the omission is error under the present state of the law. *See Ruffins v. State*, 613 S.W.3d 192, 217-21 (Tex. App.—Austin 2020) ("*Ruffins I*")

(Baker, J., concurring), *rev'd*, 666 S.W.3d 636 (Tex. Crim. App. 2023) ("*Ruffins II*"). If the belief instruction is no longer required or needed (and perhaps never was), that clarification needs to come from the Court of Criminal Appeals. *Cf. Cortez v. State*, No. 09-01-00193-CR, 2002 WL 1040248, at *2 (Tex. App.—Beaumont May 22, 2002, no pet.) (op., not designated for publication) (noting that "an intermediate court of appeals cannot abandon a requirement imposed by the Court of Criminal Appeals" and that "it is for the Court of Criminal Appeals" to change its prior requirements).

Even though I believe the jury charge contained error, I would be unable to sustain Ruffins's fifth issue on appeal because I do not believe the error harmed Ruffins. When I explained in my previous concurrence that this error harmed Ruffins, my primary concern was how this error compounded an additional error in the accomplice-witness instruction for Hogarth. *See Ruffins I*, 613 S.W.3d at 221. However, as the Court correctly determines, Ruffins was not entitled to an accomplice-witness instruction for Hogarth because he was not an accomplice, and the inclusion of an instruction for Hogarth, even an erroneous one, only benefitted Ruffins. In the absence of a need for an instruction for Hogarth and the potential need for corroboration of his testimony, I do not believe that Ruffins was egregiously harmed by the error in the instructions for Trevino. *See Aston v. State*, 656 S.W.2d 453, 456 (Tex. Crim. App. 1983) (noting that trial court erred by including accomplice-witness instructions for first witness because first witness was not accomplice and concluding that first witness's testimony could, therefore, corroborate actual accomplice's testimony).

For these reasons, I respectfully concur with the Court's overruling of Ruffins's fifth issue on appeal and otherwise join the opinion.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Filed:   August 14, 2020

Publish